JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ROBERT KNIEF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Robert.Knief@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER STEPHEN HOUSLEY,<br>aka Robert White<br><br>Defendant. | Case No.: 2:22-cr-160-APG-BNW<br><br>**SECOND SUPERSEDING CRIMINAL INDICTMENT**<br><br>**VIOLATIONS:**<br><br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) Distribution of a Controlled Substance Tapentadol<br><br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) Possession with Intent to Distribute a Controlled Substance – Tapentadol<br><br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) Possession with Intent to Distribute a Controlled Substance – Alprazolam<br><br>18 U.S.C. § 924(c)(1)(A)(i) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br><br>18 U.S.C. §§1956(a)(1)(A)(i) and (B)(i) Money Laundering<br><br>18 U.S.C. §§1957 Money Laundering |

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE
(Distribution of a Controlled Substance Causing Death)

On or about May 20, 2021, in the State and Federal District of Nevada

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of tapentadol, a Schedule II controlled substance, to J.K., and J.K.'s use of said controlled substance resulted in his death, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWO
(Distribution of a Controlled Substance)

On or about August 18, 2021, in the State and Federal District of Nevada,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of tapentadol, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Distribution of a Controlled Substance)

On or about October 25, 2021, in the State and Federal District of Nevada,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of tapentadol, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Possession with Intent to Distribute a Controlled Substance)

On or about May 3, 2022, in the State and Federal District of Nevada,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of tapentadol, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
(Possession with Intent to Distribute a Controlled Substance)

On or about May 3, 2022, in the State and Federal District of Nevada,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about May 3, 2022, in the State and Federal District of Nevada,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly possess, firearms, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, Possession with Intent to Distribute Controlled Substances as charged in Counts Four and Five of this Second Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).

## COUNTS SEVEN THROUGH TWENTY-SIX
(Money Laundering)

From a time unknown but no earlier than July 2021, and continuing up to and including on or about May 3, 2022, in the State and Federal District of Nevada and elsewhere,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as described below, which involved the proceeds of a specified unlawful activity, that is Distribution of Controlled Substances in violation of Title 21 United States Code, Section 841(a)(1)(C),

    a.    with the intent to promote the carrying on of the specified unlawful activity, and

    b.    with intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specific unlawful activity,

and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as follows:

| Count | Date | Monetary Transaction |
|---|---|---|
| 7 | 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 8 | 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 9 | 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 10 | 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |

| Count | Date | Monetary Transaction |
|---|---|---|
| 11 | 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 12 | 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 13 | 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 14 | 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 15 | 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 16 | 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 17 | 11/17/21 | wire transferring $9,500 from Bank of America account ending 2396 to OCBC Singapore |
| 18 | 11/17/21 | wire transferring $9,500 from Bank of America account ending 6832 to OCBC Singapore |
| 19 | 11/29/21 | wire transferring $6,000 from Bank of America account ending 6832 to OCBC Singapore |
| 20 | 11/29/21 | wire transferring $2,000 from Bank of America account ending 2396 to China Merchants Bank |
| 21 | 12/06/21 | wire transferring $7,000 from Bank of America account ending 6832 to OCBC Singapore |
| 22 | 12/06/21 | wire transferring $7,000 from Bank of America account ending 2396 to OCBC Singapore |
| 23 | 12/29/21 | wire transferring $10,000 from Bank of America account ending 2396 to National Bank of Rasal |
| 24 | 12/29/21 | wire transferring $10,000 from Bank of America account ending 6832 to National Bank of Rasal |
| 25 | 01/11/22 | wire transferring $8,000 from Bank of America account ending 2396 to National Bank of Rasal |

| Count | Date | Monetary Transaction |
|---|---|---|
| 26 | 01/11/22 | wire transferring $7,000 from Bank of America account ending 6832 to National Bank of Rasal |

in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (B)(i).

## COUNTS TWENTY-SEVEN THROUGH THIRTY
(Money Laundering)

From or about September 2021, through on or about January 2022, in the District of Nevada and elsewhere,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, did knowingly and intentionally engage and attempt to engage in monetary transactions, specifically, wire transfers, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, specifically, Distribution of Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1)(C), knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, as follows:

| Count | Date | Monetary Transaction |
|---|---|---|
| 27 | 09/29/21 | wire transferring $15,000 from Bank of America account ending 2396 to OCBC Singapore |
| 28 | 10/27/21 | wire transferring $15,000 from Bank of America account ending 6832 to OCBC Singapore |
| 29 | 11/29/21 | wire transferring $12,000 from Bank of America account ending 2396 to OCBC Singapore |

| Count | Date | Monetary Transaction |
|---|---|---|
| 30 | 01/31/22 | wire transferring $15,000 from Bank of America account ending 2396 to National Bank of Rasal |

All in violation of in violation of Title 18, United States Code, Section 1957.

### FORFEITURE ALLEGATION ONE
Distribution of a Controlled Substance Causing Death, Distribution of a Controlled Substance, and Possession with Intent to Distribute a Controlled Substance

1.  The allegations of Counts 1-5 of this Second Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2.  Upon conviction of any of the felony offenses charged in Counts 1-5 of this Second Superseding Criminal Indictment,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense:

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violations of 21 U.S.C. § 841(a)(1):

defendant herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be

furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1):

    an in personam criminal forfeiture money judgment including, but not limited to, at least $297,254.73 (property).

3. If any property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. §§ 841(a)(1), 853(a)(1), and 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

### FORFEITURE ALLEGATION TWO
Distribution of a Controlled Substance Causing Death, Distribution of a Controlled Substance, and Possession with Intent to Distribute a Controlled Substance

1. The allegations of Counts 1-5 of this Second Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of

alleging forfeiture under 21 U.S.C. § 853(a)(2) and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts 1-5 of this Second Superseding Criminal Indictment,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, shall forfeit to the United States of America, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of 21 U.S.C §§ 841(a)(1) and 846:

defendant herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1)

an in personam criminal forfeiture money judgment including, but not limited to, at least $321,765.73 (property).

3. If any property being subject to forfeiture under 21 U.S.C. § 853(a)(2) and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant -

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

  All under 21 U.S.C. §§ 841(a)(1), 853(a)(2), and 853(p) and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

## FORFEITURE ALLEGATION THREE
### Money Laundering

  1. The allegations contained in Counts 7-30 of this Second Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

  2. Upon conviction of any of the felony offenses charged in Counts 7-30 of this Second Superseding Criminal Indictment,

**CHRISTOPHER STEPHEN HOUSLEY**
**aka Robert White,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) and 1957, or any property traceable to such property:

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) and 1957, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses:

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in violations of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i), or any property traceable to such property:

>an in personam criminal forfeiture money judgment including, but not limited to, at least $298,678.64 (property).

3   If any property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(l), as a result of any act or omission of the defendant -

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

All under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1); 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i) and 1957; and 21 U.S.C. § 853(p).

**DATED:** this 13th day of December 2022.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

JASON M. FRIERSON
United States Attorney

*[signature]*

ROBERT KNIEF
Assistant United States Attorney