1    JASON M. FRIERSON
     United States Attorney
2    District of Nevada
     Nevada Bar Number 7709
3    ROBERT KNIEF
     Assistant United States Attorney
4    501 Las Vegas Boulevard South, Suite 1100
     Las Vegas, Nevada 89101
5    Tel: (702) 388-6336
     Robert.Knief@usdoj.gov
6    *Attorneys for the United States*

7

8                    **UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF NEVADA**

9    UNITED STATES OF AMERICA,            No. No. 2:22-cr-0160-APG-BNW

10              Plaintiff,

11                 v.                      **Plea Agreement for Defendant**
                                          **Christopher Stephen Housley Pursuant to Fed.**
12   CHRISTOPHER STEPHEN HOUSLEY,         **R. Crim. P. 11(c)(1)(A) and (B)**

13              Defendant.

14          This plea agreement between Christopher Stephen Housley ("defendant") and the United

15   States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties'

16   agreement regarding the criminal charges referenced herein and the applicable sentences, fines,

17   restitution, and forfeiture in the above-captioned case. This agreement binds only defendant and

18   the USAO and does not bind the district court, the U.S. Probation Office, or any other federal,

19   state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This

20   agreement does not prohibit the USAO or any agency or third party from seeking any other civil

21   or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions,

22   directly or indirectly against defendant or defendant's property.

23          This agreement becomes effective upon signature by defendant, defendant's counsel, and

24   an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1.  Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts Four and Seven through Twenty-Six of the second superseding indictment in this case, which charge defendant with  Possession of a Controlled Substance (Tapentadol) with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Four); and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i) (Counts Seven through Twenty-Six).

    b.    Stipulate to the facts agreed to in this agreement;

    c.    Abide by all agreements regarding sentencing contained in this agreement;

    d.    Not seek to withdraw defendant's guilty pleas once [it is / they are] entered;

    e.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

    f.    Not commit any federal, state, or local crime;

    g.    Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

    h.    Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form

provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

i.      To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

j.      The imposition of the in personam criminal forfeiture money judgment as set forth in this plea agreement and Forfeiture Allegation Three of the Second Superseding Criminal Indictment.

## II. THE USAO'S OBLIGATIONS

2.      The USAO agrees to:

a.      Stipulate to facts agreed to in this agreement;

b.      Abide by all agreements regarding sentencing contained in this agreement;

c.      At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section];

d.      At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

1      e.      Not bring any additional charges against defendant arising out of the

2 investigation in the District of Nevada which culminated in this agreement and based on

3 conduct known to the USAO.

### III. ELEMENTS OF THE OFFENSES

4

5      3.      Count Four: The elements of under Possession of a Controlled Substance

6 (Tapentadol) with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) are as

7 follows:

8      First:      The defendant knowingly possessed Tapentadol; and

9      Second:      The defendant possessed it with the intent to distribute it to another person.

10 See Ninth Circuit Model Criminal Jury Instruction 12.1 (2010 ed).

11      4.      Counts Seven through Twenty-Six: The elements of Money Laundering in

12 violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i) are as follows:

13      First: The defendant conducted financial transactions involving property that

14 represented the proceeds of of the crime of Possession of a Controlled Substance (Tapentadol)

15 with Intent to Distribute;

16      Second: The defendant knew that the property represented the proceeds of Possession

17 of a Controlled Substance (Tapentadol) with Intent to Distribute; and

18      Third: The defendant acted with the intent to promote the carrying on of Possession of

19 a Controlled Substance (Tapentadol) with Intent to Distribute or the defendant knew that the

20 transaction was designed in whole or in part to conceal or disguise the nature, location, source,

21 ownership, or control of the proceeds.

22 See Ninth Circuit Model Criminal Jury Instruction 18.3 and 18.4 (2010 ed).

### IV. CONSEQUENCES OF CONVICTION

23

24      5.      Maximum and Minimum Statutory Penalties:

4

a.     Defendant understands that the statutory maximum sentence the district court can impose for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) as charged in Count Four, is: twenty years imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

b.     Defendant understands that the statutory maximum sentence the district court can impose for each violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i) as charged in Counts Seven through Twenty-Six, is: twenty years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

c.     Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 420 years imprisonment; a lifetime period of supervised release; a fine of $11,750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $2,100.

6.     Criminal Forfeiture: Defendant understands that the district court will impose the in personam criminal forfeiture money judgment.

7.     Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

8.     Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release.

1    9.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

2    must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

3    However, the statutory maximum sentence and any statutory minimum sentence limit the

4    district court's discretion in determining defendant's sentence.

5    10.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by

6    pleading guilty, defendant may be giving up valuable government benefits and valuable civic

7    rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

8    right to serve on a jury. Defendant understands that once the district court accepts defendant's

9    guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.

10   Defendant understands that the conviction in this case may also subject defendant to various

11   other collateral consequences, including but not limited to revocation of probation, parole, or

12   supervised release in another case and suspension or revocation of a professional license.

13   Defendant understands that unanticipated collateral consequences will not serve as grounds to

14   withdraw defendant's guilty pleas.

15                                   **V. FACTUAL BASIS**

16   11.    Defendant admits that defendant is, in fact, guilty of the offenses to which

17   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

18   trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

19   doubt and establish its right to forfeit the specified property by preponderance of the evidence.

20   Defendant further acknowledges that defendant's admissions and declarations of fact set forth

21   below satisfy every element of the charged offenses. Defendant waives any potential future claim

22   that the facts defendant admitted below are insufficient to satisfy the elements of the charged

23   offenses. Defendant admits and declares under penalty of perjury that the facts set forth below

24   are true and correct:

6

On May 3, 2022, police executed a search warrant at a storage unit rented by the defendant, Christopher Stephen Housley, under the name Justin Rosario.  Housley had obtained a fake identification card under the Rosario name.  The storage unit contained Tapentadol, Alprazolam, and other controlled substances.  Housley rented the unit April 14, 2022, when he was aware the Drug Enforcement Administration (DEA) was investigating his activities.

12.        An investigation into Housley's activities showed he had opened at least two bank accounts with Bank of America which he used to transfer money to pay for tapentadol which he would then distribute throughout the country.  The defendant conducted monetary transactions by transferring more than $200,000 through those two accounts, Techstop LLC (account ending in 2396) and Techshop (account ending in 6832) knowing they werfe fictitious entities or shell corporations, and knowing the transactions represented proceeds from his distribution of tapentadol, to promote his distribution of tapentadol, and with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds.  Those transactions include but are not limited to:

| Count | Date | Activity |
|---|---|---|
| 7 | 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 8 | 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 9 | 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |

| Count | Date | Activity |
|---|---|---|
| 10 | 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 11 | 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |

| | | | |
|---|---|---|---|
| 12 | 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 13 | 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 14 | 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 15 | 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 16 | 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 17 | 11/17/21 | wire transferring $9,500 from Bank of America account ending 2396 to OCBC Singapore |
| 18 | 11/17/21 | wire transferring $9,500 from Bank of America account ending 6832 to OCBC Singapore |
| 19 | 11/29/21 | wire transferring $6,000 from Bank of America account ending 6832 to OCBC Singapore |
| 20 | 11/29/21 | wire transferring $2,000 from Bank of America account ending 2396 to China Merchants Bank |
| 21 | 12/06/21 | wire transferring $7,000 from Bank of America account ending 6832 to OCBC Singapore |
| 22 | 12/06/21 | wire transferring $7,000 from Bank of America account ending 2396 to OCBC Singapore |
| 23 | 12/29/21 | wire transferring $10,000 from Bank of America account ending 2396 to National Bank of Rasal |
| 24 | 12/29/21 | wire transferring $10,000 from Bank of America account ending 6832 to National Bank o of Rasal |
| 25 | 01/11/22 | wire transferring $8,000 from Bank of America account ending 2396 to National Bank of Rasal |
| 26 | 01/11/22 | wire transferring $7,000 from Bank of America account ending 6832 to National Bank of Rasal |

# VI. SENTENCING FACTORS

13. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

14. <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense levels or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

<u>Count Four</u>

| | |
|---|---|
| Base Offense Level USSG § 2D1.1(c)(3): | 34 |
| Possession of a Firearm USSG § 2D1.1(b)(1): | <u>+2</u> |
| Adjusted Offense Level: | 36 |

<u>Counts Seven – Twenty-Six</u>

| | |
|---|---|
| Base Offense Level USSG § 2S1.1(a)(1): | 34 |
| 18 U.S.C. § 1956 conviction USSG § 2S1.1(b)(2)(B): | +2 |
| Sophisticated Laundering USSG 2S1.1(b)(3) | <u>+2</u> |

Adjusted Offense Level:                                    38

Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty pleas when defendant enters the pleas; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty pleas; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty pleas; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty pleas; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

15.    Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16.    Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying

1   relevant information to the U.S. Probation and Pretrial Services Offices and the district court

2   regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or

3   mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the

4   district court's sentencing guidelines calculations and determination of sentence. While this

5   paragraph permits both the USAO and defendant to submit full and complete factual

6   information to the U.S. Probation and Pretrial Services Offices and the district court, even if that

7   factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

8   paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

9   to in this agreement. Good faith efforts to provide truthful information or to correct factual

10   misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

11         Defendant acknowledges that the U.S. Probation Office may calculate the sentencing

12   guidelines differently and may rely on additional information it obtains through its investigation.

13   Defendant also acknowledges that the district court may rely on this and other additional

14   information as it calculates the sentencing guidelines range and makes other sentencing

15   determinations, and the district court's reliance on such information shall not be grounds for

16   defendant to withdraw defendant's guilty pleas.

17   **VII. POSITIONS REGARDING SENTENCING**

18       17.    The United States will recommend that the district court impose a sentence at the

19   low end of the advisory guideline range as determined by the district court. Defendant may

20   argue for a downward departure or variance from defendant's offense level or criminal history

21   category. The parties also stipulate that defendant be fined $68,000 and forfeit $132,000 which

22   constitute proceeds of his drug trafficking and money laundering activities as charged in the

23   indictment and as relevant conduct.

24

18.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

19.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

20.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty pleas.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

21.     Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.     The right to persist in a plea of not guilty;

    b.     The right to a speedy and public trial by jury;

    c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

    d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

    e.     The right to confront and cross-examine witnesses against defendant;

    f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.   The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings.

## IX. WAIVER OF APPELLATE RIGHTS

22.   <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) and any order of restitution or forfeiture.

23.   Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

24.   <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

25.   <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. FORFEITURE

26.   Defendant knowingly and voluntarily:

1        a.     Agrees to the district court imposing an in personam criminal forfeiture

2 money judgment of $132,000;

3        b.     Agrees the in personam criminal forfeiture money judgment amount

4 complies with *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d

5 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

6        c.     Waives defendant's right to any criminal forfeiture proceedings of the in

7 personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's

8 other assets (proceedings);

9        d.     Waives service of process of any and all documents filed in this action and

10 any proceedings concerning the in personam criminal forfeiture money judgment arising from

11 the facts and circumstances of this case and the substitution and forfeiture of defendant's other

12 assets;

13        e.     Waives any further notice to defendant, defendant's agents, and

14 defendant's attorney regarding the in personam criminal forfeiture money judgment and the

15 substitution and forfeiture of defendant's other assets;

16        f.     Agrees not to file any claim, answer, petition, and other documents in any

17 proceedings concerning the in personam criminal forfeiture money judgment and the

18 substitution and forfeiture of defendant's other assets; agrees not to contest, and agrees not to

19 assist any other person and entity to contest, the substitution and forfeiture of defendant's other

20 assets; and agrees to withdraw immediately any claim, answer, petition, and other documents in

21 any proceedings;

22        g.     Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim.

23 P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging

24 document, the court advising defendant of the forfeiture at the change of plea, the court having a

forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, the substitution and forfeiture of defendant's other assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

h.      Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

i.      Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

j.      Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets in any proceedings under *Honeycutt*, *Thompson*, and *Prasad*;

k.      Agrees to the entry of an Order of Forfeiture with the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's other assets to the United States;

l.      Waives the right to appeal any Order of Forfeiture;

1             m.     Agrees the in personam criminal forfeiture money judgment is immediately

2  due and payable and is subject to immediate collection by the USAO;

3             n.     Agrees and understands the in personam criminal forfeiture money

4  judgment and the substitution and forfeiture of defendant's other assets to satisfy the money

5  judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of

6  imprisonment, and any other penalty the district court may impose upon defendant in addition

7  to the forfeiture;

8             o.     Agrees and understands that on the government's motion, the court may at

9  any time enter an order of forfeiture or amend an existing order of forfeiture to include

10  subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and

11  (C) and 32.2(e);

12             p.     Acknowledges the amount of the forfeiture may differ from, and may be

13  significantly greater than or less than, the amount of restitution;

14             q.     Agrees to take all steps as requested by the USAO to pass clear title of any

15  forfeitable assets which may be used to satisfy the in personam criminal forfeiture money

16  judgment to the United States and to testify truthfully in any judicial forfeiture proceedings.

17  Defendant understands and agrees that the in personam criminal forfeiture money judgment

18  amount represents proceeds of illegal conduct and is forfeitable. Defendant shall provide the

19  USAO with a full and complete financial disclosure statement under penalty of perjury within 10

20  days of executing the plea agreement. The financial statement shall disclose to the USAO all

21  assets and financial interests valued at more than $1,000. Defendant understands these assets and

22  financial interests include all assets and financial interests that defendant has an interest, direct or

23  indirect, whether held in defendant's name or in the name of another, in any property, real or

24  personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has

transferred to third parties or diverted from defendant directly to third parties, since July 6, 2021, including the location of the assets and the identity of any third party; and

r.    Admits the in personam criminal forfeiture money judgment amount is (1) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i), or any property traceable to such property; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i), specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(l)(B), or a conspiracy to commit such offenses; and (3) any property, real or personal, involved in violations of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i), or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(l); and 21 U.S.C. § 853(p).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEAS
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION[S]

27.    <u>Consequence of Withdrawal of Guilty Pleas</u>: Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug felony that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of

1    pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

2    extent that such defenses existed as of the date of defendant's signing this agreement.

3        **28.**    Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if any

4    count of conviction is vacated, reversed, or set aside, the specific enhancement, *e.g.*,

5    enhancement pursuant to 21 U.S.C. § 851 imposed by the district court to which the parties

6    stipulated in this agreement is vacated or set aside, the USAO may: (a) ask the district court to

7    resentence defendant on any remaining counts of conviction, with both the USAO and

8    defendant being released from any stipulations regarding sentencing contained in this agreement;

9    (b) ask the district court to void the entire plea agreement and vacate defendant's guilty pleas on

10   any remaining count[s] of conviction, with both the USAO and defendant being released from

11   all their obligations under this agreement; or (c) leave defendant's remaining convictions,

12   sentence, and plea agreement intact. Defendant agrees that the choice among these three options

13   rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any

14   charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable

15   statute of limitations will be tolled between the date of defendant's signing of this agreement and

16   the filing commencing any such action; and (ii) defendant waives and gives up all defenses based

17   on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with

18   respect to any such action, except to the extent that such defenses existed as of the date of

19   defendant's signing this agreement.

20                            **XII. BREACH OF AGREEMENT**

21       29.    Defendant agrees that if, at any time after this agreement becomes effective,

22   defendant knowingly violates or fails to perform any of defendant's obligations under this

23   agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

24   obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered [a] guilty pleas pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its obligations under this agreement.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

32.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

33.     Defendant acknowledges that:

a.       Defendant read this agreement and defendant understands its terms and conditions.

b.       Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.       Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.       Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.       Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.       The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

g.       Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

34.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty pleas knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

35.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

1   force or effect unless set forth in writing and signed by all parties or confirmed on the record

2   before the district court.

3       36.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

4   that no one threatened, coerced, or forced defendant to enter into this agreement.

5       37.    Defendant is satisfied with the representation of defendant's attorney, and

6   defendant is pleading guilty because defendant is guilty of the charges and chooses to take

7   advantage of the promises set forth in this agreement and for no other reason.

8         **XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

9       38.    The parties agree that this agreement will be considered part of the record of

10  defendant's guilty plea hearing as if the entire agreement had been read into the record of the

11  proceeding.

12  AGREED AND ACCEPTED

13  UNITED STATES ATTORNEY'S OFFICE
    FOR THE DISTRICT OF NEVADA

14

    JASON M. FRIERSON
15  United States Attorney

16  _____    29 SEP 23

17  ROBERT KNIEF           Date
    Assistant United States Attorney

18

19

20  _____    9-26-23

21  CHRISTOPHER STEPEN HOUSLEY    Date
    Defendant

22

23

24  JESS MARCHESE           Date    9-29-23