JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER S. HOUSLEY, <br> aka Robert White, <br><br> Defendant. | 2:22-CR-160-APG-BNW <br><br> **Stipulation between United States of America and Christopher S. Housley to Agree to the Motion to Substitute and to Forfeit 187 Jalyn Rae Court, Las Vegas, Nevada 89183, ECF No. 73, and to Agree to an Interlocutory Sale, and Order.** |

The United States, Christopher S. Housley, and through his attorney, Jess Marchese, stipulate the following:

1. Housley agrees to the substitution and forfeiture of, and to the interlocutory sale of, 187 Jalyn Rae Court, Las Vegas, Nevada 89183 **(**187 Jalyn Rae Court)[1] because he would like Doug Sawyer, Broker/Real Estate Agent, CFAC, CRS, GRI, to sell the property

---

[1] 187 Jalyn Rae Court, Las Vegas, NV 89183, more particularly described as:
PARCEL ONE (1):
LOT THIRTY-SIX (36) IN BLOCK THREE (3) OF FINAL MAP OF SILVER OAK ESTATES (A COMMON INTEREST COMMUNITY), AS SHOWN BY MAP THEREOF ON FILE IN BOOK 104, OF PLATS, PAGE 27, RECORDED APRIL 8, 2002 IN BOOK 20020408 OF OFFICIAL RECORDS, AS DOCUMENT NO. 02459, CLARK COUNTY, NEVADA.
PARCEL TWO (2):
A NON EXCLUSIVE EASEMENT OF INGRESS, EGRESS, USE AND ENJOYMENT OF, IN, TO, AND OVER THOSE PORTIONS AS SHOWN AS "PRIVATE STREETS AND P.U.E.", "COMMON AREAS" AND ASSOCIATION PROPERTY AS SHOWN ON FINAL MAP OF SILVER OAK ESTATES (A COMMON INTEREST COMMUNITY) IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1), TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 177-28-310-020.

to maximize the sale proceeds. United States Marshal Service's Real Property National Contractor, Colliers International, Housley, and the government have agreed to request this Court to authorize Doug Sawyer to sell 187 Jalyn Rae Court. The estimated sale price for 187 Jalyn Rae Court at Redfin.com is $1,070,000 to $1,270,000; at Zillow.com is $1,108,400; and at Realtor.com is $1,073,000 as of August 27, 2024.

2. Housley agrees to the motion to substitute and to forfeit, ECF No. 73, and the entry of the substitution and forfeiture order, ECF No. 73-1, Exhibit 2 with this Stipulation. He agrees to the Interlocutory Order of Sale in this Stipulation.

3. Housley wants to use Doug Sawyer because Sylviane Della Whitmore, aka Cordova, used Doug Sawyer for the interlocutory sale of 3189 Pinehurst Dr., Unit C, Las Vegas, Nevada 89109. Housley believes based on the results of Doug Sawyer's results when selling Whitmore's property, through one of the government's approved sale methods, Doug Sawyer would maximize the sale proceeds of 187 Jalyn Rae Court.

4. The government accepts and agrees to Housley's request for the Substitution and Forfeiture of, and the Interlocutory Order of 187 Jalyn Rae Court.

5. Housley and the government agree this Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[2] In this case, when the real property is substituted and forfeited, the substitution and forfeiture order equals a preliminary order of forfeiture concerning 187 Jalyn Rae Court. Notice to third-party petitioners and its process will occur. The government will resolve the third-party petitions, file motions to dismiss, or have third-party ancillary hearings, if any, with this Court and the third parties. After everything is completed, the government will submit an Amended Final Forfeiture Order to this Court to be signed.[3]

/ / /

---

[2] Fed. R. Crim. P. 32.2(b)(7) and Rule (G)(7) of Supplemental Rules for Admiralty or Maritime Claims, and Asset Forfeiture Actions, Federal Rules of Civil Procedure, Rule.
[3] Fed. R. Crim. P. 32.2(b)(7), (c), (e); Supplemental Rule (G)(7); 21 U.S.C. § 853(n.)

2

6. Housley and the government agree the law authorizes Doug Sawyer to sell 187 Jalyn Rae Court through one of the approved sale methods. "A sale must be made by a *United States agency* that has authority to sell the property, by the *agency's contractor*, or by *any person the court designates*."[4] Doug Sawyer will sell the real property under "28 U.S.C. §§ 2001, 2002, and 2004."[5] The listing through the multiple listing service and at least 50 other major internet websites for real property meets the requirements of 28 U.S.C. §§ 2001, 2002, and 2004.

7. After 187 Jalyn Rae Court is sold, the expenses, costs, third-party petitioners' interests, maintenance fees, etc., are paid, the remaining net sale proceeds will pay his special assessment of $2,100 and his fine of $68,000 with interest and his criminal forfeiture money judgement of $132,000. The remaining sale proceeds, if any, will be returned to Housley.

8. Housley stipulates to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Agency (DEA), the United States Mail Service, United States Postal Investigation Service, their agencies, their agents, their officers, and their employees from any claim made by them or any third party arising from the facts and circumstances of this case regarding substitution and forfeiture of the property, the fine, the special assessment, the criminal forfeiture money judgment, and interlocutory sale.

9. Housley stipulates to release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Offices for the District of Nevada, the DEA, the United States Mail Service, United States Postal Investigation Service, their agencies, their agents, their officers, and their employees from any claim made by them or any third party arising from the facts and circumstances of this case regarding

/ / /

---

[4] Supplemental Rules G(7)(b)(ii) (emphasis added) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules).
[5] Supplemental Rules G(7)(b)(iii).

the substitution and forfeiture of the property, the fine, the special assessment, the criminal forfeiture money judgment, and the interlocutory sale.

10. This Stipulation contains the entire agreement between Housley and the government.

11. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

12. Housley and the government agree to the conditions set forth in this Stipulation.

13. Each Party stipulates and warrants that his or its execution of this Stipulation is free and is voluntary.

14. Housley and the government stipulate no changes to this Stipulation may be made unless all Parties agree in writing.

15. Housley and the government signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and entities, on whose behalf they are signing, to the terms of the Stipulation.

16. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

17. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

/ / /

18. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

JESS MARCHESE
Counsel for Housley

DATED: 8-28-24

CHRISTOPHER S. HOUSLEY

DATED: 8/29/24

JASON M. FRIERSON
United States Attorney

/s/
DANIEL D. HOLLINGSWORTH

DATED:

IT IS SO ORDERED:

ANDREW P. GORDON
United States District Court

DATED: September 4, 2024

18. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

_____
JESS MARCHESE
Counsel for Housley

DATED:_____

_____
CHRISTOPHER S. HOUSLEY

DATED:_____

JASON M. FRIERSON
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH

DATED:_____September 3, 2024_____

                                  IT IS SO ORDERED:

                                  _____
                                  ANDREW P. GORDON
                                  United States District Court

                                  DATED:_____