SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-CR-160-APG-BNW |
| Plaintiff, | |
| v. | **Stipulation of Third-Party Petitioners, Newrez LLC dba Shellpoint Mortgage Servicing and Wilmington Savings Fund FSB, as Trustee of Galton Funding Mortgage Trust 2019-H1 and Order** |
| CHRISTOPHER HOUSLEY, aka Robert White, | |
| Defendant, | |
| NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING and WILMINGTON SAVINGS FUND FSB, AS TRUSTEE OF GALTON FUNDING MORTGAGE TRUST 2019-H1, | |
| Third-Party Petitioner. | |

The United States of America, Newrez LLC dba Shellpoint Mortgage Servicing (Newrez) and Wilmington Savings Fund FSB, as Trustee of Galton Funding Mortgage Trust 2019-H1 (Wilmington); through their counsel, Natalie P. Vance and Petra Ambrose, KLINEDINST PC, stipulate as follows:

1. On May 3, 2022, police executed a search warrant at a storage unit rented by Housley under the name Justin Rosario. Housley obtained a fake identification card under the Rosario name. The storage unit contained Tapentadol, Alprazolam, and other controlled substances, as well as three firearms which the defendant possessed in

1

furtherance of his possession with intent to distribute tapentadol. Housley rented the unit April 14, 2022, when he was aware DEA was investigating his activities.[1]

2. Housley's opened at least two bank accounts with Bank of America which he used to transfer money to pay for tapentadol that he distributed throughout the country. The defendant conducted monetary transactions by transferring more than $200,000 through those two accounts, Techstop LLC (account ending in 2396) and Techshop (account ending in 6832), knowing the transactions represented proceeds from his distribution of tapentadol, to promote his distribution of tapentadol, and with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds. Those transactions include but are not limited to:

| Date | Activity |
|---|---|
| 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 07/06/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 07/26/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 08/17/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 08/30/21 | wire transferring $5,000 from Bank of America account ending 2396 to OCBC Singapore |
| 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 09/21/21 | wire transferring $8,000 from Bank of America account ending 2396 to OCBC Singapore |
| 11/17/21 | wire transferring $9,500 from Bank of America account ending 2396 to OCBC Singapore |
| 11/17/21 | wire transferring $9,500 from Bank of America account ending 6832 to OCBC Singapore |
| 11/29/21 | wire transferring $6,000 from Bank of America account ending 6832 to OCBC Singapore |
| 11/29/21 | wire transferring $2,000 from Bank of America account ending 2396 to China Merchants Bank |
| 12/06/21 | wire transferring $7,000 from Bank of America account ending 6832 to OCBC Singapore |
| 12/06/21 | wire transferring $7,000 from Bank of America account ending 2396 to OCBC Singapore |

---

[1] Plea Agreement (PA), ECF No. 52, p. 7.

| 12/29/21 | wire transferring $10,000 from Bank of America account ending 2396 to National Bank of Rasal |
| 12/29/21 | wire transferring $10,000 from Bank of America account ending 6832 to National Bank o of Rasal |
| 01/11/22 | wire transferring $8,000 from Bank of America account ending 2396 to National Bank of Rasal |
| 01/11/22 | wire transferring $7,000 from Bank of America account ending 6832 to National Bank of Rasal[2] |

3. On December 13, 2022, the grand jury returned a 30-count Second Superseding Criminal Indictment, charging Christopher Stephen Housley, aka Robert White, in Count 1 with distribution of a controlled substance causing death in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Counts 2-3 charged distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Counts 4-5 charged possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Count 6 charged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Counts 7-26 charged money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(a)(1)(B)(i). Counts 27-30 charged money laundering in violation of 18 U.S.C. § 1957.[3]

4. Housley entered into a plea agreement and pled guilty to Counts 4 and 7-26 of the Second Superseding Indictment. As part of his plea, Housley agreed to an in personam criminal forfeiture money judgment of $132,000.[4] The Court entered a Preliminary Order of Forfeiture on October 11, 2023, and signed a Final Order of Forfeiture on March 15, 2024, forfeiting the money judgment of $132,000 under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(l); and 21 U.S.C. § 853(p).[5] Housley was also ordered to pay a mandatory assessment of $2,100 and a fine of $68,000 plus interest.[6] Housley made paid two $25 payments on his assessment and nothing on his fine that continues to accrue interest. He has not paid on his forfeiture.

/ / /

---

[2] PA, ECF No. 52, p. 7-8.
[3] Second Superseding Criminal Indictment (CI), ECF No. 35; PSR, p. 5.
[4] CI, ECF No. 35; PA, ECF No. 52
[5] Preliminary Order of Forfeiture, ECF No. 53; Final Order of Forfeiture attached to the Judgment in a Criminal Case (CJ), ECF No. 64.
[6] CJ, ECF No. 64.

5. Newrez and Wilmington requested the government to stipulate concerning its interest as the Trustee, legal owner, of Galton Funding Mortgage Trust 2019-H1, the beneficiary of the deed of trust and promissory note on 187 Jalyn Rae Court, Las Vegas, Nevada.[7]

6. Under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, Newrez and Wilmington declare Wilmington is the Trustee of Galton Funding Mortgage Trust 2019-H1, and Galton Funding Mortgage Trust 2019-H1 is the current beneficiary of the trust with an equitable interest in the deed of trust and the promissory note on 187 Jalyn Rae Court.

7. Newrez, Wilmington, and Galton Funding Mortgage Trust 2019-H1 affirm no insurer or third party has compensated them for the deed of trust and promissory note on 187 Jalyn Rae Court.

8. Newrez, Wilmington, and Galton Funding Mortgage Trust 2019-H1 affirm they have not assigned, sold, or otherwise alienated its interest in the deed of trust and promissory note on 187 Jalyn Rae Court.

9. Newrez, Wilmington, and Galton Funding Mortgage Trust 2019-H1 provided the necessary documents to the United States under Rules 803(6) and (15) (hearsay exceptions) and 901-903 (authentication) of the Federal Rules of Evidence to support their owed principal, interest, daily accruing balance, and other charges.

---

[7] 187 Jalyn Rae Court, Las Vegas, NV 89183, more particularly described as:

PARCEL ONE (1): LOT THIRTY-SIX (36) IN BLOCK THREE (3) OF FINAL MAP OF SILVER OAK ESTATES (A COMMON INTEREST COMMUNITY), AS SHOWN BY MAP THEREOF ON FILE IN BOOK 104, OF PLATS, PAGE 27, RECORDED APRIL 8, 2002 IN BOOK 20020408 OF OFFICIAL RECORDS, AS DOCUMENT NO. 02459, CLARK COUNTY, NEVADA.

PARCEL TWO (2): A NON EXCLUSIVE EASEMENT OF INGRESS, EGRESS, USE AND ENJOYMENT OF, IN, TO, AND OVER THOSE PORTIONS AS SHOWN AS "PRIVATE STREETS AND P.U.E.", "COMMON AREAS" AND ASSOCIATION PROPERTY AS SHOWN ON FINAL MAP OF SILVER OAK ESTATES (A COMMON INTEREST COMMUNITY) IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, WHICH EASEMENT IS APPURTENANT TO PARCEL ONE (1), TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 177-28-310-020.

10. After the United States District Court signs and enters this Stipulation of Third-Party Petitioners, Newrez LLC dba Shellpoint Mortgage Servicing and Wilmington Savings Fund FSB as Trustee of Galton Funding Mortgage Trust 2019-H1 and Order (Stipulation); and the Second Amended Final Order of Forfeiture; after the United States Marshals Service (USMS) sells 187 Jalyn Rae Court, and after all expenses and costs are paid, including, but not limited to, any maintenance charges, expenses of custody, repairs, sale costs, and escrow costs the USMS incurred, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees Wilmington will receive payment from the net sale proceeds of 187 Jalyn Rae Court. When the conditions in this paragraph are met and the property is sold, the United States will transfer from the net sale proceeds of 187 Jalyn to Wilmington to pay:

| | | |
|---|---|---:|
| a. | Unpaid principal: | $459,998.02 |
| b. | Interest to May 31, 2025: | $ 25,360.91 |
| c. | Fees: | $ 2,081.26 |
| d. | Release Fees: | $ 42.28 |
| e. | Legal Fees per Deed of Trust & Promissory Note: | $ 19,905.00 |
| f. | Borrower owes: | $ 970.97 |
| | Total Payoff | $509,258.54 |

As of June 1, 2025, per diem interest accrues at $83.49 until paid.

11. Wilmington knowingly and voluntarily agrees to fill out the United States Department of the Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so the payment will be disbursed by electronic fund transfer to Wilmington's account.

12. If an offer is made on 187 Jalyn Rae Court, if the sale proceeds will not cover all expenses and costs, including, but not limited to, unpaid principal, interest, fees, release fees, legal fees, what the borrower owes, per diem interest, monthly maintenance charges, outstanding taxes, custodial expenses, maintenance, repairs, sale costs, and escrow costs, and if Wilmington agrees in writing to the sale price within one week of the government giving notice in writing of its intent to declare this Stipulation null and void and to reverse forfeiture of 187 Jalyn Rae Court under forfeiture law, the United States will sell the property and will not be held accountable for any remaining amount owed, and Wilmington

will be satisfied without being made whole. The payment to Wilmington shall be in full settlement and satisfaction of all claims by Wilmington arising from and relating to the detention and forfeiture of 187 Jalyn Rae Court. Otherwise, this Stipulation shall be null and void, and Wilmington may foreclose on 187 Jalyn Rae Court under forfeiture law.

13. In addition to paragraph 12, the United States also reserves the right, in its discretion, to release and to terminate the forfeiture of 187 Jalyn Rae Court at any time under forfeiture law. In either event, the United States shall promptly notify Wilmington of such action. A discretionary termination of release and forfeiture shall not be a basis for any award of attorney's fees, expenses, interest, and costs.

14. Payment to Wilmington is conditioned upon the United States prevailing against the defendant and any other competing third-party petitions and claims.

15. Upon payment, Newrez and Wilmington agree to execute further documents, to the extent necessary, to convey clear title to 187 Jalyn Rae Court and to implement further the terms of this Stipulation.

16. Newrez and Wilmington agree to the forfeiture of 187 Jalyn Rae Court to the United States, subject to paragraphs 12-15.

17. Newrez and Wilmington agree to relinquish all rights, titles, and interests in 187 Jalyn Rae Court, subject to paragraphs 12-15.

18. Newrez and Wilmington agree to waive its rights to the criminal forfeiture third-party ancillary hearing (proceeding) of 187 Jalyn Rae Court in *United States v. Christopher Housley*, 2:22-CR-160-APG-BNW.

19. Newrez and Wilmington agree to waive service of process in this proceeding but will receive service of process of any filed document through CM/ECF as long as their counsel remains on this case.

20. Newrez and Wilmington agree to waive any further notice to it, its agents, or its attorney regarding the forfeiture and disposition of 187 Jalyn Rae Court, subject to paragraphs 12-15, 19.

/ / /

21. Newrez and Wilmington agree not to file any other documents in this proceeding concerning 187 Jalyn Rae Court in this case except as the United States Attorney's Office or this Court may require. Notwithstanding the above provision, if any other party, person, or entity, who is not a signatory of this stipulation, files a petition, Newrez and Wilmington retain the right to file any documents to defend their rights concerning their interest in 187 Jalyn Rae Court.

22. Newrez and Wilmington agree to withdraw any petitions or other documents, including, but not limited to, the Notice of Petition For Relief From Amended Final Order Of Forfeiture And Leave To File A Petition For An Ancillary Hearing; Memorandum Of Points And Authorities In Support Of Motion For Relief From Final Amended Forfeiture Order And Leave To File A Petition For An Ancillary Hearing, ECF No.99, it filed in this proceeding concerning 187 Jalyn Rae Court when this Court grants this Stipulation.

23. Newrez and Wilmington knowingly and voluntarily waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the seizure of the property, the forfeiture of the property, the criminal forfeiture money judgment, the forfeited property, and the substituted and forfeited property in any proceedings under the United States Constitution, Fourth Amendment.

24. Newrez and Wilmington waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853, including, but not limited to, service of process, the filing of a third-party ancillary petition under penalty of perjury, this Court holding a third-party ancillary hearing, this Court making factual findings, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment, and the substitution and forfeiture of 187 Jalyn Rae Court in any proceedings, including, but not limited to, double jeopardy and due process under the United States Constitution, Fifth Amendment.

25. Newrez and Wilmington waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of 187 Jalyn Rae Court in any proceedings,

including, but not limited to, a jury trial under the United States Constitution, Sixth Amendment.

26. Newrez and Wilmington waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of 187 Jalyn Rae in any proceedings, regarding 187 Jalyn Rae, including, but not limited to, excessive fines and cruel and unusual punishments under the United States Constitution, Eighth Amendment.

27. Newrez and Wilmington agree to the conditions in this Stipulation and the entry of the Second Amended Final Forfeiture Order incorporating by reference this Stipulation.

28. Newrez and Wilmington agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the Drug Enforcement Administration, their agencies, their agents, and their employees from any claim made by them or any third party arising from the facts and circumstances of this case regarding ownership of the deed of trust and the promissory note.

29. Newrez and Wilmington release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Newrez and Wilmington now have or may hereafter have on account of, or in any way growing out of, the substitution, forfeiture, and taking of 187 Jalyn Rae Court in this criminal forfeiture.

30. This Stipulation contains the entire agreement between the parties.

31. Except as expressly stated in this Stipulation, no party, entity, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, entity, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

32. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

33. The persons and entities signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the entity and person on whose behalf they are signing to the terms of this Stipulation.

34. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

35. Each party shall bear its own attorneys' fees, expenses, interest, and costs, except for paragraph 10. A discretionary termination of forfeiture shall not be a basis for an award of attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

9

1    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure and forfeiture of 187 Jalyn Rae Court.

3  Dated: May 15, 2025                          Dated: May 16, 2025

4  KLINEDINST PC                                KLINEDINST PC

5

6  NATALIE P. VANCE, Attorney                   PETRA AMBROSE, Attorney
   for Newrez and Wilmington,                   for Newrez and Wilmington,
7  Third-Party Petitioners,                     Third-Party Petitioners,

8                                               Dated:_____

9                                               SIGAL CHATTAH
                                                United States Attorney
10

11                                              _____
                                                DANIEL D. HOLLINGSWORTH
12                                              Assistant United States Attorney

13  IT IS SO ORDERED:

14  Dated:_____

15

16

17                                              _____
                                                ANDREW P. GORDON
18                                              CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

10

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of 187 Jalyn Rae Court.

Dated:_____                    Dated:_____

KLINEDINST PC                              KLINEDINST PC


_____                    _____
NATALIE P. VANCE, Attorney                 PETRA AMBROSE, Attorney
for Newrez and Wilmington,                 for Newrez and Wilmington,
Third-Party Petitioners,                   Third-Party Petitioners,

                                           Dated:_ May 16, 2024 _____

                                           SIGAL CHATTAH
                                           United States Attorney

                                            /s/ Daniel D. Hollingsworth____
                                           DANIEL D. HOLLINGSWORTH
                                           Assistant United States Attorney

IT IS SO ORDERED:

Dated:_ May 19, 2025 _____



_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

10