UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00160-APG-BNW |
| Plaintiff, | **Order Denying Motion for Adjustment of Payment Obligation** |
| v. | |
| CHRISTOPHER STEPHEN HOUSLEY, aka Robert White, | [ECF No. 110] |
| Defendant. | |

Christopher Housley filed a pro se motion seeking to adjust his financial obligations due to "a substantial and material change in his economic circumstances." ECF No. 110 at 1. He alleges the United States failed to properly sell his forfeited house, causing him significant financial losses. *Id*. at 3-4.

Housley is represented by counsel, so his pro se fling is a rogue document and can be denied for that reason. This court's Local Rule IA 11-6(a) provides that "a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Thus, the motion can be denied on that basis. Nevertheless, I have considered Housley's motion and deny it on its merits.

Housley incorrectly relies on 18 U.S.C. § 3664(k). ECF No. 110 at 1-2, 4. That statute allows a court to adjust a restitution order if there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." But I did

not order Housley to pay any restitution. *See* ECF No. 64 at 7.  Thus, that statute provides Housley no relief.

Housley stipulated to the forfeiture and sale of his house and to use Doug Sawyer as the broker. ECF Nos. 78 at 1-2.  He also agreed that the sale proceeds would be used to pay expenses, costs, maintenance fees, third-party claims, his fine and special assessment, the criminal forfeiture money judgment, and similar items. *Id*. at 3.  And he agreed to release all claims against the United States arising from the sale. *Id*. at 3-4.

The United States engaged a reputable real estate broker (selected by Housley) who used commercially reasonable efforts to sell the property.  Given the problems encountered with the property and the extensive efforts to repair and market it, the sale price was fair and reasonable.

While Housley takes issue with how the property was maintained, marketed, and eventually sold, the process resulted in extinguishment of several debts against Housley and the property. ECF No. 125 at 20 (summarizing the extinguished debts).  That allowed more money to be paid towards Housley's criminal forfeiture money judgment, to his ultimate benefit.

Based on the foregoing, Housley has not offered sufficient reasons to adjust his payment obligations.

I THEREFORE ORDER that Housley's motion (**ECF No. 110) is denied**.

DATED THIS 20th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2